Ruffin, C. J.
 

 The plaintiffs must fail for want of the requisite proof of their case. Having given their bond on the settlement of accounts, they eannot be relieved from it, but for error in the accounts. If they can shew an error, they may surcharge and falsify the account stated. The statements of this bill as to errors are very vague, and not, indeed, very intelligible ; and, probably, if the defendants bad chosen, the plaintiffs might have been stopped
 
 in limine
 
 for that reason. But the defendants submit to answer, and in the answer submit to correct any error the other party may be able to establish. By the answer the defendants purge themselves of all knowledge or belief of error, though they state themselves to be unable to answer
 
 to
 
 particular items being or not being charged or credited in the account stated, because one of the plaintiffs himself had the possession of the original settlement, and the defendants had no counterpart thereof; and the defendants’ memory would not serve them to re-state the accounts at the distance of more than three years. The plaintiffs, therefore, gain nothing by the discovery sought from the defendants ; and the latter give a reasonable account of their inability to make it more full, and insist that the contents of the account should be made appear by the production of the account itself. Certainly, like every other writing, the contents must be shewn by the instrument itself; and, without being informed what were the matters embraced in the account, it is impossible to determine, whether the settlement was right or wrong.— Therefore, the plaintiffs should have accounted for the non-production of that document; which they have not done. It is true, the defendants state the plaintiff, Melvin, told them that he had lost it, and, for that reason, urged him to go into a settlement anew, which the defendants declined. But
 
 *59
 
 the plaintiffs have not proved the destruction of the insirumsnt, nor stated upon their own oath what has become it, nor even given secondary evidence of its contents. They have, indeed, examined one witness, to prove that, in a previous settlement, which all parties admit to have been erroneous, a particular debit against the defendants was probably omitted. But the witness, without .clearly establishing even that, informs ns, that .there was a subsequent settlement, of the contents of which he is ignorant,and upon which, the bond was given, which gives rise to the present controversy. Now, it may have been, that one of the errors of the first settlement, which was corrected in the second, was with respect to the sum of $393 12, which the plaintiffs state was omitted, as they suppose; and this is the more probable, as that sum is so near the amount of the total errors claimed in the bill, namely $402 07. But, however that may be, it is the plaintiffs’ misfortune not to be able, by an admission drawn from the defendants or by other evidence, to shew us what was included in the settlement; and, consequently, we cannot see that the account embraced any false charge, or omitted any proper credit.
 

 Per Curiam, Bill dismissed with costs.